UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KENNETH RAY BALLARD,

Petitioner,

v.

SANTA CLARA SUPERIOR COURT,

Respondent.

Case No. 25-cv-09472-NW

**ORDER DISMISSING MATTER WITHOUT PREJUDICE**

Re: ECF No. 9

Petitioner Kenneth Ray Ballard, a pro se state detainee, filed the instant habeas corpus petition challenging the state court's rulings during a preliminary hearing and alleging that his speedy trial rights were violated.  ECF No. 1 at 3–4.  The petition is **DISMISSED WITHOUT PREJUDICE**.

I.     **BACKGROUND**

Ballard asserts in his petition (ECF No. 1) that he was not allowed to cross-examine the victim or view body-camera footage of the victim's interview during his preliminary hearing on unspecified charges.  He also asserts that his right to a speedy trial was violated because his attorney "lied about . . . having a conversation in w[hich] she question [Ballard's] competency." *Id.* at 4.  Ballard indicates on the face of the petition that he is raising the instant claims for the first time in this Court.[1]

II.    **DISCUSSION**

28 U.S.C. § 2241 is the proper basis for a habeas petition by a state prisoner, such as Ballard, who is not held "pursuant to the judgment of a State court" within the meaning of 28

---

[1] Ballard filed his petition using the Judicial Council of California's HC-001 form, which is intended for filing in state court.

U.S.C. § 2254. *See Hoyle v. Ada County*, 501 F.3d 1053, 1058 (9th Cir. 2007) (pre-trial double jeopardy challenge). Although there is no statutory exhaustion requirement for a petition brought under § 2241, principles of federalism and comity generally require that this Court abstain until all state criminal proceedings are completed and Ballard exhausts available judicial state remedies. *See Carden v. Montana*, 626 F.2d 82, 83–84 & n.1 (9th Cir. 1980); *see also United States ex rel. Goodman v. Kehl*, 456 F.2d 863, 869 (2d Cir. 1972) (pretrial detainees must first exhaust state remedies); *Younger v. Harris*, 401 U.S. 37 (1971) (discussing federal abstention doctrine). Federal intervention is not barred by the abstention doctrine only in cases with special circumstances, such as where a petitioner has proven harassment or bad-faith prosecution without hope of obtaining a valid conviction, and "perhaps in other extraordinary circumstances where irreparable injury can be shown." *Carden*, 626 F.2d at 84 (citing *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).

Ballard's state criminal proceedings are ongoing, and the face of the petition shows that Ballard had not exhausted his available state remedies before he filed this action. *See* ECF No. 1 at 6 (stating "[t]he Superior Court in Santa Clara County are being one sided" in response to question asking why the matter was not filed in lower state court); *id.* at 8 (answering "yes" to question asking whether claim is being raised for the first time). Claims challenging evidentiary rulings, asserting ineffective assistance of counsel, or alleging violations of speedy trial rights are generally not considered special circumstances warranting federal intervention in state criminal proceedings because each claim is amenable to review through available state court procedures. *See Anderson v. Cal. Dep't of Corr. And Rehabilitation*, No. 10-cv-05557-CW, 2011 WL 3502494, *1 (N.D. Cal. Aug. 10, 2011); *see also Carden*, 626 F.2d at 84 (alleged violation of speedy trial rights not alone an extraordinary circumstance); *Brown v. Ahern*, 676 F.3d 899, 902–03 (9th Cir. 2012) (holding that federal intervention not warranted based on petitioner's claim that speedy trial rights were violated following five-year pretrial delay). Accordingly, Ballard has not shown special circumstances warranting federal intervention in his state criminal prosecution.

United States District Court
Northern District of California

2

**III.    CONCLUSION**

The Court orders as follows:

1.    This case is **DISMISSED WITHOUT PREJUDICE**.

2.    The dismissal is without prejudice to Ballard filing a habeas petition in state court or filing a new federal habeas petition after his criminal case is final and he has exhausted state court remedies for his claims.

3.    The pending motion for leave to file *in forma pauperis* (ECF No. 9) is **DENIED** as moot.

4.    The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: February 13, 2026

Noël Wise
United States District Judge

United States District Court
Northern District of California

3